IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVIN BACKUS, et al.,**

      **Plaintiffs,**

      v.

**BANK OF AMERICA, N.A.,**

      **Defendant.**

Case No. 2:12-cv-278
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of a motion to dismiss filed by Defendant, Bank of America, N.A. (ECF No. 5); a memorandum in opposition filed by Plaintiffs, Kevin and Jill Backus (ECF No. 10); and a reply memorandum filed by Bank of America, N.A. (ECF No. 15). For the reasons that follow, this Court finds the motion well taken in part.

### I.  Background

According to the complaint, Plaintiffs, Kevin and Jill Backus, are homeowners who reside in Pickerington, Ohio. In March 2004, Plaintiffs executed a promissory note and mortgage related to residential property in Pickerington. Prior to Kevin Backus having a July 2011 kidney transplant, Plaintiffs allege that they contacted Defendant to inquire about what assistance Defendant could provide in the event that they missed future monthly payments. Plaintiffs assert that they were concerned that their savings would not be sufficient to meet their monthly payment obligations in light of the medical costs they would be incurring. Defendant allegedly informed Plaintiffs that it would not provide assistance unless and until Plaintiffs actually missed monthly payments.

Plaintiffs failed to make their November and December 2011 payments. In both January

and February 2012, Plaintiffs made payments of $1,706.66, but Defendant returned these payments. Plaintiff then contacted James Tatum, who is apparently an employee of Defendant, and Tatum informed them that their payments needed to be submitted via cashier's check. Plaintiffs therefore submitted a cashier's check in the amount of the two payments. Defendant did not accept this check, however, and informed Plaintiffs that the check amount needed to be for the total amount now due, with the reinstatement calculation amounting to $11,429.60. This amount was comprised of five monthly payments and additional fees and costs.

Once again, Plaintiffs contacted Tatum. Tatum allegedly informed them that their loan would be reinstated if Plaintiffs paid $5,714.80, one half of the previously quoted amount due. Plaintiffs accumulated this amount, but when they again contacted Tatum, they were informed that the full $11,429.60 was due for reinstatement. Plaintiffs were unable to pay this amount, and Defendant threatened foreclosure.

On March 30, 2012, Plaintiffs initiated the instant case, asserting claims for fraud, promissory estoppel, and breach of contract. (ECF No. 1.) Defendant has filed a motion to dismiss all three claims. (ECF No. 5.) The parties have completed briefing on the motion, which is now ripe for disposition.

## II. Discussion

### A. Standard Involved

Defendant moves for dismissal on the grounds that Plaintiffs have failed to set forth claims upon which this Court can grant relief. This Federal Rule of Civil Procedure 12(b)(6) argument requires the Court to construe Plaintiffs' pleading in their favor, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations

present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

Defendant argues that this Court must dismiss the fraud claim for multiple reasons, with one such reason being that Plaintiffs have failed to plead the elements of fraud. In order to state a claim for fraud, Ohio law requires that Plaintiffs plead

> (1) a representation (or concealment of a fact when there is a duty to disclose); (2) that is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with intent to mislead another into relying upon it; (5) justifiable reliance; and (6) resulting injury proximately caused by the reliance.

*Dunlop v. Ohio Dep't of Job & Family Servs.*, No. 11AP-929, 2012 WL 1078778, at *5 (10th

3

App. Dist. Mar. 29, 2012). *See also Burr v. Bd. Cnty. Comm'rs of Stark Cnty.*, 23 Ohio St.3d 69, 491 N.E.2d 1101, paragraph two of the syllabus (1986). Defendant asserts that Plaintiffs have failed to meet these pleading requirements because they have impermissibly pled a claim predicated on a promise or representations related to future action or conduct.

Ohio case law provides that "[i]t is generally true that fraud cannot be predicated upon promises or representations relating to future actions or conduct." *Tibbs v. Nat'l Homes Constr. Corp.*, 52 Ohio App.2d 281, 286, 369 N.E.2d 1218, 1222 (Ohio App. 12th Dist. 1977). *See also Martin v. Ohio State Univ. Found.*, 139 Ohio App.3d 89, 98, 742 N.E.2d 1198, 1205 (Ohio App. 10th Dist. 2000). A fraud claim will exist, however, where the person or entity making the promise of future action never had any intention of keeping the promise. *Tibbs*, 52 Ohio App.3d at 287, 369 N.E.2d at 1223. Here, Tatum's alleged promise that Defendant would accept certain payment and reinstate the loan is future action or conduct. Plaintiff have not pled facts presenting even an inference that Defendant never intended to honor Tatum's asserted promise. Consequently, Plaintiffs have failed to present a plausible fraud claim.

Plaintiffs attempt to evade this conclusion by arguing that they have not based their claim on future action or conduct. But Tatum's purported representation to Plaintiffs presents a contingent if-then scenario in which current action by Plaintiffs could possibly induce Defendant to act in the future: "James Tatum informed Plaintiffs that their loan *could* be reinstated *if* Plaintiffs paid $5,714.80, or one-half of the $11,429.60, to bring the loan current." (ECF No. 1 ¶ 24 (emphasis added).) The possible reinstatement would be a future act by Defendant. Moreover, it is insufficient that Plaintiffs have plead that "Defendant's representations were made falsely, with knowledge of such falsity or with such reckless disregard for whether

4

Defendant's statements were true or false that knowledge may be inferred." (ECF No. 1 ¶ 34.) This statement simply tracks the third element of a state law fraud claim and does not present any factual allegation suggesting that Plaintiffs have plead a plausible claim. There is no factual allegation pointing to lack of intent to complete the future action or conduct *at the time* Tatum allegedly made his statement of predictive future action. *Cf. Blackward Props., LLC v. Bank of Am.*, No. 10-2226, 2012 WL 762882, at *4 (6th Cir. Mar. 9, 2012) (rejecting Michigan law fraud claim because evidence of a broken promise does not show that at the time the promise was made, the maker did not intend to fulfill the promise).

The foregoing failure to plead an essential element of the fraud claim renders discussion of whether Plaintiffs sufficiently plead the additional elements unnecessary. *Cf. Price v. Taylor*, No. 3:08CV420, 2012 WL 2568084, at *3 (N.D. Ohio July 2, 2012) (recognizing in a fraud case that the "failure to prove an essential element renders all other facts immaterial"). This Court need not and does not discuss Defendant's alternative theories for the dismissal of the fraud claim.

Defendant also seeks dismissal of Plaintiffs' promissory estoppel claim. The premise of this claim is that, in acquiring a cashier's check and borrowing money to submit the $5,714.80, Plaintiffs detrimentally relied upon Defendant's promise to accept that sum and reinstate their loan. Plaintiffs contend that Defendant is now estopped from asserting a default under the note and mortgage.

In arguing for dismissal, Defendant asserts that because the parties never memorialized in a signed writing the alleged promise to accept the $5,714.80 and reinstate the loan, Ohio's statute of frauds mandates dismissal. Ohio law indeed provides that "[n]o party to a loan agreement

5

may bring an action on a loan agreement unless the agreement is in writing and is signed by the party against whom the action is brought or by the authorized representative of the party against whom the action is brought." Ohio Rev. Code § 1335.02(B). A "loan agreement" means

> one or more promises, promissory notes, agreements, undertakings, security agreements, mortgages, or other documents or commitments, or any combination of these documents or commitments, pursuant to which a financial institution loans or delays, or agrees to loan or delay, repayment of money, goods, or anything of value, or otherwise extends credit or makes a financial accommodation.

Ohio Rev. Code § 1335.02(A)(3). Thus, according to Defendant, the absence of a signed written agreement memorializing Defendant's alleged promise forecloses Plaintiffs' promissory estoppel claim.

Plaintiffs take issue with Defendant's argument. They assert that they are not using promissory estoppel as an exception to the statute of frauds in order to make an oral contract enforceable. Rather, Plaintiffs explain, they are instead bringing promissory estoppel as a separate remedy for damages. Ohio law recognizes such a distinct claim and provides that "promissory estoppel is an adequate remedy for a fraudulent oral promise or breach of an oral promise, absent a signed agreement." *Olympic Holding Co., L.L.C. v. ACE Ltd.*, 122 Ohio St.3d 89, 97, 909 N.E.2d 93, 101 (2009).

Review of the complaint introduces a question as to whether Plaintiffs are attempting to enforce an oral promise or merely recover damages. In the last paragraph of the promissory estoppel claim, Plaintiffs state that "Plaintiff is estopped from claiming a default under the note and mortgage." (ECF No. 1 ¶ 52.) Disregarding the obvious scrivener's error–context establishes that the paragraph should refer to Defendant, not "Plaintiff"–the paragraph targets enforcement of the alleged oral promise. In the prayer for relief, however, Plaintiffs do not ask

6

for such enforcement and instead state that they ask the Court to "[a]ward Plaintiffs actual damages for their justifiable reliance on Defendant's representations." (ECF No. 1 ¶ C.) This latter paragraph tracks an *Olympic Holding* claim for promissory estoppel.

Plaintiffs' briefing on the motion to dismiss resolves the pleading issue. In their memorandum in opposition, Plaintiffs do not mention paragraph 52 of the complaint and instead focus on *Olympic Holding* as providing the basis for their promissory estoppel claim. Such briefing echoes the circumstances found in *Ponder v. Bank of America, N.A.*, No. 1:10-CV-00081, 2011 WL 8307207 (S.D. Ohio Mar. 8, 2011). In that case, another judicial officer in this District addressed a motion to dismiss a promissory estoppel claim in which the same defendant as in the case *sub judice* sought dismissal on the statute of frauds:

> In sum, Defendants contend that the misrepresentation and promissory estoppel claims are merely breach of contract allegations improperly recast as tort claims in order to "skirt the statute of frauds." (Doc. 12 at 4.) They argue that the allegations underlying the misrepresentation and promissory estoppel claims stem from alleged oral agreements to modify Plaintiffs' loans. And because those alleged oral agreements would be unenforceable under the statute of frauds, Plaintiffs' misrepresentation and promissory estoppel claims are also barred. In support of their argument, Defendants rely heavily on *Olympic Holding Co., LLC v. ACE Ltd. et al.*, 122 Ohio St.3d 89, 909 N.E.2d 93 (2009), *Seale v. Citizens Savings & Loan Ass'n*, 806 F.2d 99 (6th Cir. 1986), and *HMS Property Mgmt. Group v. Miller*, Nos. 94–3668, 94–3669, 1995 WL 641308 (6th Cir. Oct.31, 1995).
>
> *Olympic Holding*, *Seale*, *and HMS*, do not support Defendants' argument. *Olympic Holding and Seale* confirm only that promissory estoppel may not be used defensively in a breach of contract action to preclude the statute-of-frauds defense. *Olympic Holding*, 122 Ohio St.3d at 95, 909 N.E.2d 93; *Seale*, 806 F.2d at 102–04. Plaintiffs have not alleged a breach of contract claim, so *Olympic Holding* and *Seale* are not applicable. Similarly, in *HMS*, the Sixth Circuit held that a plaintiff cannot use the doctrine of promissory estoppel to *enforce* an oral agreement relating to an interest in real property if that oral agreement is unenforceable under the statute of frauds. 1995 WL 641308, at *4. In this case, Plaintiffs have made clear that they are not seeking to enforce the terms of any oral agreement; rather, Plaintiffs are using the doctrine of promissory estoppel as an equitable remedy to recover reliance damages based on Defendants' representations. (Doc. 15 at 7.) Plaintiffs are entitled to do so

7

> under Ohio law. *See Olympic Holding*, 122 Ohio St.3d at 96, 909 N.E.2d 93 ("[A] party may not use promissory estoppel to bar the opposing party from asserting the affirmative defense of the statute of frauds, which requires that an enforceable contract be in writing and signed by the party to be charged, but may pursue promissory estoppel as a separate remedy for damages.").

*Id.* at *2 (footnote omitted). What proved important in *Ponder* and what informs the instant case is that the judicial officer also explained that "[a]lthough the Amended Complaint seeks 'enforcement of Defendants' promises or representations[,]' Plaintiffs have since abandoned this position in their briefing, making clear that 'Plaintiffs are not seeking to enforce the terms of an oral contract.' " (*Id.* at n.2 (citations omitted).) Plaintiffs' implicit disavowal in their briefing of the enforcement statement found in paragraph 52 of the complaint similarly salvages their now-narrowed promissory estoppel claim.

This leads to whether Plaintiffs have asserted facts presenting the elements of such a claim. Defendant argues that they have not and attacks Plaintiffs' pleading. To assert a claim for promissory estoppel, Plaintiffs must plead facts presenting that Defendant made a clear, unambiguous promise, that Plaintiffs relied on the promise, that such reliance was reasonable and foreseeable, and that Plaintiffs were injured as a result of reliance on the promise. *Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 503 (6th Cir. 2003). Plaintiffs allege that Defendant promised reinstatement upon payment of $5,714.80, that they borrowed money to submit the $5,714.80, and that they consequently incurred damages in the form of the $60.00 charge to borrow money on their credit card. At least at this stage of the litigation, such allegations present a plausible promissory estoppel claim, even if it appears to be one valued for small claims court jurisdiction.

Defendant questions the clarity of the promise, noting that the pleading indicates that

8

Tatum gave Plaintiffs more than one amount necessary to bring about reinstatement. This argument overlooks that the promissory estoppel claim targets only one of the two promises, the $5,714.80, which hardly presents ambiguity at the time it was allegedly given and then relied upon. Additionally, regardless of whether Plaintiffs were actually successful in paying the money, it is plausible that Plaintiffs relied on the promise and sustained foreseeable costs as a result.

Finally, Defendant also seeks dismissal on the grounds that the existence of an express contract bars any promissory estoppel claim. At first blush, there is support in Ohio case law for this proposition. *See, e.g., Woods v. Capital Univ.*, No. 09AP-166, 2009 WL 3465827, at *16-17 (Ohio App. 10th Dist. Oct. 27, 2009) (holding that a promissory estoppel claim based on a pre-contract promise is impermissible where there is a subsequent written contract). Plaintiffs counter that this is only true in regard to statements or promises made prior to the formation of the contract and does not foreclose a promissory estoppel claim predicated on a post-contract promise. This Court agrees with Plaintiffs that Ohio appears to recognize a nuanced approach to the claim. *See Simon Prop. Grp., L.P. v. Kill*, No. 1-09-30, 2010 WL 1266835, at *8 (Ohio App. 3d Dist. Apr. 5, 2010) (recognizing promissory estoppel claim based on post-contract actions). The post-contract promise does not modify the ongoing obligations or relationships established by the contract; rather, the oral agreement is for one party to invoke its discretion not exercise a right or to overlook a breach without altering the continuing contractual obligations. The Court therefore declines to hold that Plaintiffs have failed to state a plausible promissory estoppel claim upon which this Court could grant relief.

Defendant last seeks dismissal of Plaintiffs' claim for breach of contract. To present a

breach of contract claim under Ohio law, Plaintiffs must plead facts establishing the "existence of a contract, performance by the plaintiff[s], breach by the defendant, and damage or loss to the plaintiff[s]." *Doner v. Snapp*, 98 Ohio App.3d 597, 600, 649 N.E.2d 42, 44 (Ohio App. 2d Dist. 1994) (citations omitted). Defendant argues that dismissal of this claim is warranted on several grounds, and this Court agrees.

There is no asserted breach of the note and mortgage by Defendant. Rather, the complaint allegations target Defendant's alleged breach of the oral promise to reinstate the loan. But Tatum's statement fails to constitute an enforceable contract. The oral statement or promise that Plaintiffs seek to bootstrap into an oral contract is unenforceable under the statute of frauds discussed above. *See* Ohio Rev. Code § 1335.02. Plaintiffs contest application of the statute of frauds here on the grounds that because it is an affirmative defense that must be plead in an answer, it is not an appropriate basis for a Rule 12(b) motion.

Some Ohio case law supports the contention that a motion to dismiss is not the mechanism to pursue a statute of frauds dismissal. *See, e.g., Maguire v. Nat'l City Bank*, No. 22168, 2007 WL 2502424, at *3 (Ohio App. 2 Dist. Aug. 31, 2007) (stating that the statute of frauds is not an appropriate basis for a Rule 12(b) dismissal of a complaint). But other Ohio cases recognize application of the statute of frauds in the motion to dismiss context. *See, e.g., Seaman v. Fannie Mae*, No. 92751, 2009 WL 2462623, at *2 (Ohio App. 8th Dist. Aug. 13, 2009) (affirming granting of motion to dismiss breach of contract claim based on statute of frauds); *Moore v. Householder*, No. 2005-CA-20, 2006 WL 3071361, at *3-4 (Ohio App. 5th Dist. Oct. 27, 2006) (same).

Of import here is that there is no question as to whether a written agreement might be

involved.  There is only an oral statement, the terms and subject matter of which are apparent on the face of the complaint.  Contrary to Plaintiffs' underdeveloped argument, the complaint affirmatively shows that application of the statute of frauds is both appropriate and inescapable.  Accordingly, this case is distinguishable from those Ohio cases in which application is a questionable issue that is properly addressed after the pleadings have closed.

Dismissal of the breach of contract claim is therefore also warranted.  Given this conclusion, the Court need not and does not reach Defendant's argument that, even if the oral statement presented a viable contract, Plaintiffs did not actually perform under the contract, but simply prepared to perform, so that there was no event triggering Defendant's contingent performance.

### III.  Conclusion

The Court **GRANTS IN PART and DENIES IN PART** Defendant's motion to dismiss. (ECF No. 5.)  Only the narrowed promissory estoppel claim remains pending, while the fraud and breach of contract claims are dismissed.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE