**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KEVIN BACKUS, *et al.*,**

       **Plaintiffs,**


    **vs.**                          **Civil Action 2:12-CV-278
Judge Frost
Magistrate Judge King**


**BANK OF AMERICA, N.A.,**

       **Defendant.**


<u>**OPINION AND ORDER**</u>

This matter is before the Court on *Plaintiffs' Motion for Leave to File an Amended Complaint* ("*Plaintiffs' Motion to Amend*"), Doc. No. 19. Defendant Bank of America, N.A., filed a response to the motion, *Defendant's Brief in Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint* ("*Defendant's Response*"), Doc. No. 21, to which plaintiffs filed a reply. *Plaintiffs' Reply to Defendant's Response in Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint* ("*Plaintiffs' Reply*"), Doc. No. 22. For the reasons that follow, *Plaintiffs' Motion to Amend* is **DENIED**.

**I.   BACKGROUND**

Plaintiffs Kevin and Jill Backus, homeowners in Pickerington, Ohio, initiated this case on March 30, 2012, asserting claims of fraud, promissory estoppel and breach of contract in connection with defendant's threat to initiate a foreclosure action against them. According to the *Complaint*, plaintiffs executed a promissory note and mortgage in March 2004 related to their residential property in

1

Pickerington, Ohio. *Complaint*, Doc. No. 1, ¶ 6. In July 2011, Kevin

Backus underwent a kidney transplant. Prior to that procedure,

plaintiffs contacted defendant to inquire about accommodations should

plaintiffs miss future monthly payments. *Id*. at ¶ 8. Defendant

allegedly informed plaintiffs that no assistance would be provided

unless and until plaintiffs missed monthly payments. *Id*. at ¶ 9.

Plaintiffs failed to make their November and December 2011

mortgage payments. *Id*. at ¶ 12. Plaintiffs made payments of

$1,706.66 in January and February 2012, but defendant returned those

payments. *Id*. at ¶¶ 14-16. Plaintiffs allege that they then

contacted an employee of defendant, James Tatum, who informed

plaintiffs that their payments should be submitted in the form of a

cashier's check. *Id*. at ¶ 17. In February 2012, plaintiffs submitted

a cashier's check to defendant in an amount equivalent to two monthly

payments, but defendant returned that check and informed plaintiffs

that payment should be for the total amount due, i.e., $11,429.60.

*Id*. at ¶¶ 18-21. On approximately March 15, 2012, plaintiffs allege

they again contacted Tatum, who informed them "that their loan could

be reinstated if Plaintiffs paid $5,714.80, or one-half of the

$11,429.60, to bring the loan current." *Id*. at ¶¶ 23-24. Plaintiffs

allege that they accumulated this amount but that, when they contacted

Tatum, they were informed that $11,429.60 must be paid before the loan

would be reinstated. *Id*. at ¶¶ 25-28. Plaintiffs were unable to pay

this amount and defendant threatened foreclosure. *Id*. at ¶¶ 29-30.

Defendant filed a motion to dismiss on June 18, 2012, *Defendant's

Motion to Dismiss Complaint*, Doc. No. 5, which was granted in part on

September 13, 2012.  *Opinion and Order*, Doc. No. 17.  The Court

dismissed plaintiffs' fraud claim as insufficient because the alleged

fraud was predicated on representations relating to future actions and

because plaintiffs failed to plead "factual allegation[s] pointing to

lack of intent to complete the future action or conduct *at the time*

Tatum allegedly made his statement of predictive future action."  *Id*.

at pp. 4-5 (emphasis in original).  The Court specifically concluded

that plaintiffs "have not pled facts presenting even an inference that

Defendant never intended to honor Tatum's asserted promise."  *Id*.

*Plaintiffs' Motion to Amend* seeks to amend the *Complaint* to eliminate

these pleading deficiencies.

The *Proposed Amended Complaint*, Doc. No. 19-1, does not assert a

claim for breach of contract and, despite numerous formatting and non-

substantive changes, *see id*. at ¶¶ 19-21, 25-26, 28, 30, 32-33, 36-40,

46-47, the proposed pleading contains relatively few new allegations.

Plaintiffs maintain that the *Proposed Amended Complaint* "corrects the

pleading deficiency noted by this Court in the original complaint,

where the use of *if* and *could* implied Defendant merely made a

representation of a possible or contingent outcome."  *Plaintiffs'*

*Reply*, p. 4.  The original allegation referred to provides:

> James Tatum informed Plaintiffs that their loan could be
> reinstated if Plaintiffs paid $5,714.80, or one-half of the
> $11,429.60, to bring the loan current.

*Complaint*, ¶ 24.  The new allegation provides:

> James Tatum informed Plaintiffs their loan would be reinstated
> when Plaintiffs paid $5,714.80, or one-half of the $11,429.60,
> to bring the loan current.

*Proposed Amended Complaint*, ¶ 24.  Plaintiffs also makes the following

new allegations: (1) "Defendant's repeated failure to honor its promises to reinstate the loan shortly after making them creates an inference Defendant never intended to honor the promises," *id*. at ¶ 35, and (2) "Plaintiffs relied on Defendant's representations and organized their finances around the represented amount.  This deprived Plaintiffs of the opportunity to obtain the new amount Defendant demanded to reinstate the loan, so that foreclosure is now imminent." *Id*. at ¶ 43.

**II.   STANDARD**

*Plaintiffs' Motion to Amend* is governed by Rule 15(a) of the Federal Rules of Civil Procedure,[1] which provides that a "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings."  *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).  The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court.  *Gen. Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990).  In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility

---

[1] *Plaintiffs' Motion to Amend* is also governed by Rule 16(b) of the Federal Rules of Civil Procedure, because plaintiffs are seeking to amend the *Complaint* beyond the date set in the *Preliminary Pretrial Order*, Doc. No. 11. The Court need not address whether there is good cause to modify the scheduling order because, as discussed *infra*, permitting amendment would be futile.

of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). The United States Supreme Court has explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. Accordingly, a complaint must be dismissed – and amending a complaint is futile – if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

## III. DISCUSSION

In order to state a claim for fraud, Ohio law requires that

plaintiffs plead

> (1) a representation (or concealment of a fact when there is
> a duty to disclose), (2) that is material to the transaction
> at hand, (3) made falsely, with knowledge of its falsity or
> with such utter disregard and recklessness as to whether it is
> true or false that knowledge may be inferred, and (4) with
> intent to mislead another into relying upon it, (5)
> justifiable reliance, and (6) resulting injury proximately
> caused by the reliance.

*Volbers-Klarich v. Middletown Mgt., Inc.*, 929 N.E.2d 434, 440 (Ohio

2010) (citing *Burr v. Stark Cty. Bd. Of Comm'rs.*, 491 N.E.2d 1101,

paragraph two of the syllabus (Ohio 1986)).  Ohio courts follow the

rule that, in order to state an action for fraud, the fraud must

relate to a past or present fact; a mere promise of future conduct is

insufficient.  *See Kasuri v. St. Elizabeth Hosp. Med. Ctr.*, 897 F.2d

845, 851-52 (6th Cir. 1990) (citing *Tibbs v. Nat'l Homes Constr.*

*Corp.*, 369 N.E.2d 1218 (Ohio App. 12th Dist. 1977)).  A fraud claim

will exist, however, where the person or entity making the promise of

future action has no intention, at the time the promise is made, of

keeping the promise.  *Tibbs*, 369 N.E.2d at 1223.

In ruling on defendant's motion to dismiss, the Court concluded

that "Tatum's alleged promise that Defendant would accept certain

payment and reinstate the loan is future action or conduct."

Plaintiffs attempted to correct this "pleading deficiency" in the

*Proposed Amended Complaint* by alleging that Tatum informed plaintiffs

that their loan "would be reinstated when" plaintiffs paid $5,714.80,

rather than that the loan "could be reinstated if" plaintiffs paid

$5,714.80.  *See Plaintiffs' Reply*, p. 4; *Proposed Amended Complaint*, ¶

24.  Regardless of plaintiffs' proposed new wording, Tatum's alleged

promise – i.e., that plaintiffs' loan *would* be reinstated *when*

plaintiffs paid $5,714.80 – is still properly characterized as a promise relating to future action or conduct. The reinstatement of the loan would be a future act by defendant.

Moreover, plaintiffs have failed to plead facts pointing to a fraudulent intent in connection with that alleged promise of future action at the time Tatum allegedly made his statement. The only new allegation in the *Proposed Amended Complaint* pertaining to defendant's intent provides: "Defendant's repeated failure to honor its promises to reinstate the loan shortly after making them creates an inference Defendant never intended to honor the promises." *Proposed Amended Complaint*, ¶ 35. Plaintiffs have not pled any new facts to support an inference that defendant never intended to honor Tatum's alleged promise. Instead, plaintiffs rely on *Lanford v. Sloan*, 833 N.E.2d 331 (Ohio App. 2th Dist. 2005), for the proposition that the existing factual allegations create an inference that Tatum's promises were made "with the intent to mislead Plaintiffs into relying upon them." *Plaintiffs' Reply*, p. 4.

The facts alleged by plaintiffs are not analogous to those in *Langford*. The defendant in *Langford* entered into an agreement to buy a house from the plaintiff. *Langford*, 833 N.E.2d at 334. The defendant convinced the plaintiff to give her a deed to the house, which she promised not to record and to use to apply for a loan. *Id*. at 335. The *Langford* court concluded that the defendant's promises were made with no intention of being kept because the defendant broke those promises "immediately after" making them. *Id*. In the case presently before the Court, plaintiffs allege that, on or about March

15, 2012, Tatum promised plaintiffs that "their loan would be reinstated when Plaintiffs paid $5,714.80," and that defendant broke that promise on or about March 20, 2012, when it required $11,429.60 for reinstatement. *Proposed Amended Complaint*, ¶¶ 23-28. Plaintiffs also maintain that defendant "promised to reinstate Plaintiffs' loan in February 2012 when Plaintiffs made two payments by cashier's check, and Plaintiffs actually mailed the requested check in February 2012, but Defendant reneged on its promise." *Plaintiffs' Reply*, p. 4. The immediate breach of a promise, as reflected in *Langford*, is not alleged to have occurred here, and a lapse of five days between Tatum's alleged promise and defendant's alleged breach of the promise does not lead to an inference that Tatum or defendant had no intention of keeping the promise at the time it was made. *Cf. Blackward Props., LLC v. Bank of Am.*, No. 10-2226, 2012 WL 762882, at *4 (6th Cir. Mar. 9, 2012) (rejecting Michigan state law fraud claim because evidence of a broken promise does not show that the promisor did not intend to fulfill the promise at the time it was made).

The Court previously concluded that plaintiffs "have not pled facts presenting even an inference that Defendant never intended to honor Tatum's asserted promise." *Opinion and Order*, Doc. No. 17, p. 4. The *Proposed Amended Complaint* does not contain any new factual allegations that would warrant an alternative conclusion. Plaintiffs' proposed allegation that the facts previously alleged do in fact give rise to an inference, *Proposed Amended Complaint*, ¶ 35, simply reflects their disagreement with the Court's earlier dismissal of their claim.

There are no factual allegations supporting a fraudulent intent

at the time Tatum allegedly made the promise to reinstate plaintiffs'
loan upon receipt of payment.  Consequently, plaintiffs have failed to
present a colorable fraud claim, and plaintiffs' proposed amendment is
futile.

   *Plaintiffs' Motion for Leave to File an Amended Complaint*, Doc.
No. 19, is therefore **DENIED**.


October 22, 2012                        s/Norah McCann King
  (Date)                              Norah M<sup>c</sup>Cann King
                               United States Magistrate Judge